# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| ADRIANNE M. FORSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 05-2046-KHV |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Adrianne M. Forson appeals the final decision of the Commissioner of Social Security to deny supplemental security income under Sections 1602 and 1614(a)(3)(A) of the Social Security Act. On November 22, 2005, Magistrate Judge John Thomas Reid recommended that the Commissioner's decision be reversed and that the case be remanded for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). See Report And Recommendation (Doc. #14). On December 6, 2005, the Commissioner timely filed a written objection. See Defendant's Objections To Magistrate Judge's Report And Recommendation (Doc. #15). For reasons stated below, the Court overrules defendant's objections and adopts the Report And Recommendation (Doc. #14) in its entirety.

### Background

On December 23, 2003, the ALJ determined that plaintiff had severe impairments including "degenerative disc and joint disease in the lumbosacral spine; right carpal tunnel syndrome; complaints of the left knee pain and a history of gynecological problems." Transcript of Record ("Tr.") at 26. The ALJ

further found that plaintiff had the following residual functional capacity ("RFC"): "no limitation with regard to the sitting, standing, walking, bending or gripping with the ability to lift up to 10 pounds maximum but not from below the waist level, and a need to avoid repetitive climbing stairs and avoid stooping and crawling." Id. The ALJ concluded that plaintiff's RFC and attending limitations did not preclude her past relevant work. Id. The ALJ first found the plaintiff was "insured for benefits through the date of this decision," and later stated that plaintiff was not under a disability "at any time between February 19, 2000 and March 31, 2000, i.e., the time frame relevant to this appeal." Id. at 26, 27.

On November 22, 2005, Judge Reid recommended that the case be remanded to correct errors, including the following:

> substantial evidence does not support the ALJ's finding that plaintiff is insured for benefits through the date of the decision, . . . the ALJ improperly evaluated the treating physician's opinion, and . . . the ALJ failed to affirmatively link his credibility finding to substantial evidence in the record.

Report And Recommendation (Doc. #14) at 17. Judge Reid noted that much evidence in the record showed that plaintiff's insured status expired on March 30 or 31 of 2000, yet the ALJ twice stated that she was insured through the date of the decision. Tr. at 23, 26. Because substantial evidence did not support the finding that plaintiff was insured through the date of the decision, the magistrate did not consider a "time period" argument set forth by the Commissioner. Judge Reid also found that the ALJ did not properly weigh the medical source opinions – particularly that of plaintiff's treating physician – and noted that the decision contained "little, if any, evidence . . . that the ALJ considered the regulatory factors for weighing medical source opinions." Report And Recommendation (Doc. #14) at 13. Finally, Judge Reid found that the ALJ erred by failing to explain reasons for finding plaintiff not credible.

On December 6, 2005, defendant filed objections to the Report And Recommendation. Plaintiff contends that defendant's objections are untimely and should be deemed a waiver of appellate review. Plaintiff's Response To Defendant's Objections To Magistrate Judge's Report And Recommendation (Doc. #16) filed December 13, 2005.

## **Standard**

The standard for district court review of a magistrate judge's report and recommendation is contained in 28 U.S.C. § 636, which provides as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 363(b)(1)(C). In the Court's de novo review, it must "consider relevant evidence of record and not merely review the magistrate judge's recommendation." See Griego v. Padilla, 64 F.3d 580, 584 (10th Cir. 1995). The Court has considered defendant's objections to Judge Reid's report and carefully reviewed the record and the report and recommendation.

## **Analysis**

Plaintiff's statement that defendant's objections are untimely is not well taken. The magistrate filed his report and recommendation on November 22, 2005 and stated that objections must be filed within 10 days. See Doc. #14. Under Rule 6(a), Fed. R. Civ. P., "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the

computation." Under this rule, objections could have been timely filed through December 7, 2005.[1] Defendant filed its objections on December 6, well within the time permitted.

Defendant first objects to the magistrate's decision not to consider the Commissioner's argument regarding "time period." The court's role in reviewing a finding of fact is limited. Under 42 U.S.C. § 405(g), "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." It is not the Court's role to weigh the evidence or substitute its judgment for that of the Commissioner. See Cagle v. Califano, 638 F.2d 219, 200 (10th Cir. 1981). Here, however, the ALJ's first finding of fact – that plaintiff was insured through the date of the decision – is not supported by substantial evidence because evidence in the record shows that plaintiff's insured status expired in March of 2000.

Defendant next objects to the magistrate's conclusion that the ALJ did not formally consider whether the treating physician's opinion should be given controlling weight. A treating physician's opinion is given controlling weight only if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2); see also Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). The opinion is not entitled to controlling weight if it is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques" or if it is inconsistent with other substantial evidence in the record, id. (quotation omitted), or if it is brief, conclusory and unsupported by medical evidence, Frey v. Bowen, 816 F.2d 508, 513 (10th Cir. 1987).

---

[1] The text entry which accompanied the filing of the report expressly stated that objections must be filed by December 6, 2005.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Watkins, 350 F.3d at 1300. When a treating physician's opinion is inconsistent with other medical evidence, the ALJ's task is to examine reports of other physicians to see if they outweigh the reports of the treating physician. See Goatcher v. United States Dep't of HHS, 52 F.3d 288, 289-90 (10th Cir. 1995). The ALJ must consider the following specific factors to determine what weight to give any medical opinion: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 290 (citing 20 C.F.R. § 404.1527(d)(2)-(6)). The ALJ must give specific, legitimate reasons for disregarding the treating physician's opinion that a claimant is disabled. See id.

Here, the ALJ summarized his assessment of the treating physician's opinion by stating that "the severity indicated therein [was] totally unsupported by any significant objective findings." Tr. at 25. The opinion of the ALJ contains no evidence that he considered any regulatory factor except the third – the degree to which the treating physician's opinion is supported by relevant evidence. Furthermore, the opinion does not indicate what weight, if any, the ALJ gave to the treating physician's opinion.

Finally, defendant objects to the magistrate's finding that the ALJ erred in his credibility determination. In determining the credibility of plaintiff's testimony, the ALJ should consider such factors

-5-

as the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.  Huston v. Bowen, 838 F.2d 1125, 1132 (10th Cir. 1988).  The ALJ must explain why specific evidence relevant to each factor supports a conclusion that plaintiff's subjective complaints are not credible.  See Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995).  A formalistic factor-by-factor recitation of evidence, however, is not necessary.  See Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).  Credibility findings should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.  Kepler, 68 F.3d at 391 (quoting Huston, 838 F.2d at 1133).

The ALJ found that plaintiff's allegations regarding her limitations were "not totally credible for the reasons set forth in the body of the decision."  Tr. at 26.  In the body of the decision, the ALJ summarized plaintiff's testimony and later stated, "claimant has never undergone any surgery for her low back and has continued to engage in a range of activities consistent with the residual functional capacity set forth above."[2]  Tr. at 25.  The body of the decision does not clearly state any reasons for the credibility finding, and it does not link plaintiff's testimony or the ALJ's statement about surgery or range of activities with his credibility findings.  The ALJ's reason for his credibility finding is unclear.

The Court concurs with the magistrate's findings that remand is proper for the ALJ to (1) determine

---

[2] The medical expert stated that no surgery had ever been indicated for plaintiff.  See Tr. at 24.

when plaintiff's insured status ended, (2) properly evaluate the treating physician's opinion, and (3) affirmatively link his credibility finding to substantial evidence in the record.

When the Court reverses the Commissioner's ruling, it can remand for further proceedings or direct an immediate award of benefits. Talbot v. Heckler, 814 F.2d 1456, 1465 n.6 (10th Cir. 1987). A remand for further proceedings is generally required unless it would serve no purpose. Dollar v. Bowen, 821 F.2d 530, 534 (10th Cir. 1987). In this case, as stated above, further proceedings are necessary. The Court therefore adopts the magistrate judge's recommendation to remand.

**IT IS ORDERED** that the Commissioner's decision be and hereby is **REVERSED**. This case is **REMANDED** for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g).

Dated this 9th day of January, 2006 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge